IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID JOHN KLEIN  )
                  )   No. 15-896
    v.            )

CAROLYN W. COLVIN

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed an application for disability insurance benefits and social security income benefits, based on physical and mental impairments. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## OPINION

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II.     THE PARTIES' MOTIONS**

Plaintiff argues that the ALJ failed to develop the record with regard to Dr. Goyal, a treating physician.

At the time of decision, the ALJ had before him an RFC assessment from Dr. Goyal, which indicated that he had seen Plaintiff for five months as of December 23, 2013. He stated diagnoses of diabetes, hypertension, and generalized anxiety. He further checked the space indicating that pain and other symptoms would "frequently" interfere with attention and concentration needed to perform simple work tasks. He further indicated that Plaintiff was capable of low stress jobs, and would be absent from work more than four days per month. Finally, in response to the question, "earliest date at which the symptoms and limitations discussed [in the assessment] apply, Dr. Goyal indicated, "@ this visit," or December 23, 2013.

Plaintiff's testimony indicated he intended to get his medication from Dr. Goyal until he could see another doctor. The record contained no treatment notes or other records from Dr. Goyal.

At the hearing, the following exchange occurred:

> ATTY: Your honor,…we haven't – we're still waiting the records. [Counsel proceeded to address a separate issue.]
> ***
> ALJ: Very well, this hearing will be closed. The record will remain open and I'll hold the record open for one month for the additional development that we've mentioned.
>
> ATTY: Thank you, and that would be the Lowe's records, Dr. Spivak records and the other records that I've cited at the beginning –
>
> AJJ: Yes –
>
> ATTY: -- of the hearing that were still outstanding?
>
> ALJ: --at the beginning of the hearing.
>
> ATTY: Okay.
>
> ALJ: Yeah. Yes.

While an ALJ is entitled to afford less weight to an opinion offered in that format, the ALJ typically looks to whether the checked opinions comport with the provider's treatment notes. See, e.g., Rankin v. Colvin, 2014 U.S. Dist. LEXIS 160850 (W.D. Pa. Nov. 17, 2014). However, "[r]emand for failure to develop the record is appropriate only when such failure is unfair or prejudicial and would therefore make a difference in the final result of the case." Winford v. Colvin, 2014 U.S. Dist. LEXIS 3842 (W.D. Ark. Jan. 13, 2014). Further, "[m]ere speculation that additional evidence might have made a difference does not suffice." Burgette v. Colvin, 2013 U.S. Dist. LEXIS 99364 (W.D. La. June 25, 2013).

On February 18, 2014, the ALJ issued a decision. In that decision, he addressed Dr. Goyal's opinion. The ALJ indicated that the check-the-box form, absent explanation or rationale, was weak evidence. He added, "[m]oreover, the failure to submit any underlying treatment records precludes giving any substantial weight to this opinion by Dr. Goyal." Plaintiff has neither submitted Dr. Goyal's records to this Court, nor proffered any explanation regarding the contents of those records or the reasons for their absence from this proceeding. Indeed, I have no way of knowing whether those records exist, or whether they are obtainable. In other words, I cannot conclude, without unfounded speculation, that remand might make a difference in the outcome of Plaintiff's case. Accordingly, even if the ALJ erred by failing to keep the record open for approximately two additional weeks, I am unable to determine that the error warrants remand.

In support of his argument, Plaintiff points to Welsh v. Colvin, 2014 U.S. Dist. LEXIS 72341 (W.D. Pa. May 28, 2014). In Welsh, plaintiff submitted an RFC assessment from a treating physician, and then requested additional time to obtain that physician's records. The ALJ, however, issued his decision without having those records. I found that the ALJ was aware that plaintiff's counsel desired to include that physician's records, and noted that the ALJ's decision relied on the absence of evidence in the record. Id. at **5-7. Accordingly, I found that remand was warranted. Id. In Welsh, the state agency had twice attempted to procure the records but received no response. W.D. Pa. No. 13-76, Transcript of Oral Hearing, at p. 30. Plaintiff's counsel explained, as well, that she made an effort to obtain the physician's records. Id. at Exhibit 8E. As was noted elsewhere, "that file was incomplete without those critical records." Roberts v. Colvin, 2014 U.S. Dist. LEXIS 142946 (W.D. Pa. Oct. 6, 2014).

4

This case is distinguishable from Welsh. In this case, the record does not permit a definitive finding that the ALJ was aware that counsel wished to include Dr. Goyal's records. At the January 31, 2014 hearing, the ALJ and counsel specifically addressed the need for additional eye treatment records from Dr. Spivak, and employment records from Lowe's. The transcript does not reflect that counsel specified any other particular records, and did not mention those of Dr. Goyal in particular. Moreover, unlike in Welsh, there is no indication that Plaintiff's counsel or anyone else attempted to obtain Dr. Goyal's records; similarly, unlike in Welsh, the ALJ here did not rely on the absence of evidence. Instead, he thoroughly considered and addressed the affirmative evidence of record relating to Plaintiff's diabetes and psychological condition. Plaintiff does not now challenge the ALJ's approach to that evidence. As discussed infra, there are no grounds here for finding that Dr. Goyal's notes are material or necessary. Of course, my role is limited to evaluating the grounds invoked by the ALJ. Nonetheless, I note that the ALJ's thorough assessment of the other evidence of record, the quality and quantity of that evidence, and the short time period to which Dr. Goyal's opinion pertained, support the outcome in this case.

## CONCLUSION

In sum, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this __1st___ day of September, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court